## C. H. McCORMICK & BRO., vs. M. G. BUSH.

SUPREME COURT, AUSTIN TERM, 1883.

*Contract—Commissions—Fact Case.* See opinion for facts involving these subjects.

*Agency.*—When the constitutive act creating the agency is in writing the nature and extent of the powers conferred must be ascertained by the writing.

*Ratification of Acts of Sub-Agents—Evidence.*—The question of the ratification by the principal of the acts of sub-agent is a matter of fact for the jury, as was also the question as to whether letters written to the sub-agent in the principal's name, by a clerk were authorized by the principal.

Appeal from Grayson County.

*Throckmorton, Brown & Bryant,* for appellants.

*Hare & Head,* for appellee.

Opinion by Watts.

As the business was suspended by the war, the appellant was not entitled to interest on whatever commissions that the jury might allow him, from the first day of January 1862, and in this particular the court erred in the charge to the jury. If as claimed appellee was the agent of appellants, then under the asserted contract, if the latter assumed control over the "orders, contracts, notes, accounts and assets accruing and growing" out of the agency, they were to allow him compensation in proportion to the services rendered previous to their assuming such control.

Under the contract appellee's commissions for selling and delivering the reapers and reapers and mowers, and collecting the money therefor was to be ten per cent.

It is not pretended that appellants interfered with appellee in reference to the matter, or that they resumed control of the matter until some time after the close of the war. Then taking the most favorable view of the case for appellee, he would not be entitled to interest on commissions, until his right to such commissions had accrued. Up to the time appellants assumed control and created other agencies through which they sought to realize upon the claims, appellee had not complied with the terms of the supposed contract, in this, that he had not collected the claims for the appellants. As he had not made the collections at the time they assumed control over the matter, then if his compensation is to be regulated by the contract, he would be entitled to a proportionate commission on the claims including principle and interest, that were then collectable, and in-

terest on that sum from that time until the rendition of the judgment. It is stipulated in the asserted contract under which appellee claims that "Bush agrees to do all business pertaining to selling reapers or reapers and mowers combined, collecting and remitting all dues upon sales &c., as hereinafter prescribed, for and in consideration of the sum of ten per centum upon each reaper and upon each reaper and mower combined, to be due and paid said Bush out of actual collections, and in proportion to the amount of collections made from time to time, provided, however, that upon final settlement, no commissions shall be allowed in case where the party purchasing fails to pay more than sixty-five dollars"

According to that stipulation appellee was entitled to a commission of ten per cent. for each machine sold and delivered, only however upon actual collection. And in cases where the purchaser failed to pay on the machine purchased more than sixty-five dollars, appellee would not be entitled to any commission whatever upon such machine. But it seems to have been considered that if Bush only sold machines to good and responsible men, or to such as were generally reputed to be responsible in the neighborhood in which they resided, that then he would be entitled to the commissions whether the purchasers paid any part of the claim or not. It is made his duty by the terms of his supposed contract to only sell to that class of men; but a compliance with that provision of the contract does not alone entitle him to the stipulated compensation.

The compensation only accrues to him on actual collections, and where more than sixty-five dollars is paid upon each machine.

And the compensation stipulated for in the event appellants resumed control of the matter before the business was completed, was a proportionate commission according to the work done under the agency, dependant upon the claims being collectable at the time. This rule would also be subject to the qualifications, that more than sixty-five dollars of the claim for each machine was collectable at the time appellants assumed control, to entitle him to a proportionate commission upon the claim.

Subject in some respects to the usage of the particular trade, the general rule is well settled that when the constitutive act creating the agency is in writing, that the nature and extent of the powers conferred must be ascertained from the terms of that writing. Then so far as the appellee claims to have been the agent of appellants, by

reason of any contract or agreement made between him and McKay, the question would depend upon the extent of McKay's power to bind the appellants in the matter; and if his authority was in writing at the time such agreement was made, appellee would be required to look to the writing for the purpose of ascertaining the extent of McKay's power to bind the appellants in that particular matter.

Reese vs. Medlock, 27th, Texas 125.

Parsons on Contracts, vol., 1, p., 44.

That is unless the appellants had held out McKay as their general agent, not only to sell and deliver machines and collect the money, but also as having authority to select and constitute other agents to do the business for the appellants.

However if McKay without authority constituted Bush the agent of appellants in respect to the particular business, and appellants afterwards recognized and treated him as their agent, then and in that event he would be considered as their agent.

Judge Story in his his work on agencies, Sec., 249, states the rule thus : "And not only will the principal be bound by a ratification of the unauthorized acts of his agent, but, if the latter has improperly substituted another agent under him, the ratification by the principal of the acts of the sub-agent will, to all intents and purposes, bind him, in the same manner, as if he had originally given to the agent a power of substitution."

As to whether or not in this case appellants had ratified the appointment of Bush by McKay as their agent, is a question of fact to be determined from the evidence; and the court properly admitted in evidence the letters addressed to Bush in the name of the appellants but written and signed by a clerk; and here also arises a question of fact to be determined from the evidence, as to the authority of that clerk to bind appellants by such letters.

We conclude that the judgment ought to be reversed and the cause remanded.

The report of the commissioners of appeals examined and adopted and the judgment reversed and the cause remanded.

WILLIE, C. J.